930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pedro C. CELESTINO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3395.
 United States Court of Appeals, Federal Circuit.
 March 13, 1991.
Rehearing Denied June 5, 1991.
 
 Before MAYER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Celestino appeals the Final Decision of the Merit Systems Protection Board (MSPB), Docket No. SE08318910551 (April 27, 1990), dismissing Celestino's appeal from the Office of Personnel Management (OPM) as having been untimely filed. Celestino's appeal before the MSPB challenged the OPM's reconsideration decision maintaining OPM's position that Celestino was not eligible for retirement benefits under the Civil Service Retirement Act (CSRA). We affirm.
 
 OPINION
 
 2
 On October 20, 1986, the OPM denied Celestino's application for CSRA retirement benefits. After Celestino requested that the OPM reconsider his application, the OPM responded on February 12, 1987, explaining that examination of Celestino's personnel records led to the conclusion that Celestino had only served for less than six months in a position covered by the CSRA. Therefore, the OPM concluded that Celestino was not entitled to CSRA annuity benefits. The OPM also advised Celestino of the time limit for filing an appeal of their decision to the MSPB, and included instructions and regulations pertaining to such an appeal.
 
 
 3
 Celestino did not at that time appeal to the MSPB. Instead, more than two years later, he again contacted the OPM about CSRA benefits. The OPM responded on May 10, 1989, notifying Celestino that the OPM would not again consider his request, and that any further request for review would have to be submitted to the MSPB.
 
 
 4
 Celestino filed his appeal with the MSPB on June 6, 1989. The Administrative Judge (AJ) advised Celestino that timeliness of the appeal was in question, and instructed him to submit evidence or argument demonstrating the timeliness, or good cause excusing the untimeliness, of his appeal. Celestino's responses noted that he had been hospitalized for about one month for a hernia operation. Celestino also submitted a doctor's note dated October 13, 1983, stating only that an operation had been performed on Celestino, without noting the date of the operation or the duration of any related hospitalization. Again, on July 26, 1989, the AJ advised Celestino to address all issues, including good cause for the delayed filing, before the close of the MSPB record on August 25, 1989. Celestino did not file any response to this communication.
 
 
 5
 On September 13, 1989, the AJ issued an Initial Decision dismissing Celestino's appeal as "untimely filed." The AJ concluded that Celestino had not adequately shown that his appeal was timely filed or that the delay of more than two years was excused by good cause. The AJ noted that the Initial Decision would become Final on October 18, 1989 unless Celestino filed a petition for review before the full board (Board). On October 30, 1989, Celestino filed a petition for review.
 
 
 6
 The Board denied Celestino's petition "because it [did] not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115." Section 1201.115 allows the Board to grant a petition for review of the Initial Decision when it is established that new and material evidence was not available earlier, or when the Initial Decision is based on an erroneous interpretation of statute or regulation. The Board found that Celestino did not meet this criteria. The Initial Decision thereby became Final. Celestino appealed to this Court.
 
 
 7
 This Court can set aside the Final Decision dismissing Celestino's appeal from the OPM only if the Final Decision was:
 
 
 8
 (1) unsupported by substantial evidence;
 
 
 9
 (2) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
 
 
 10
 (3) obtained without procedures required by law, rule, or regulation.
 
 
 11
 5 U.S.C. Sec. 7703(c) (1988). The Final Decision, clearly supported by the record, has not been shown to violate this standard and therefore must be upheld.
 
 
 12
 We are prevented from reviewing the merits of Celestino's claim because we are bound by the standard of review to uphold the MSPB's Final Decision in this case. However, even if we could reach the merits of Celestino's claim, as he requests, we would need to affirm the denial of retirement benefits. As the OPM concluded, there is and has been no evidence presented which shows that Celestino performed at least five years of services covered by the CSRA. Therefore, the decision that Celestino is not eligible for retirement annuity benefits under the CSRA would also have to be affirmed. See 5 U.S.C. Sec. 8333.
 
 COSTS
 
 13
 Each party is to bear his own costs.